[No. 7863.]

FULTON IRRIGATING DITCH CO. ET AL v. SANSTAD ET AL.

1. WATER RIGHTS—*Change in Point of Diversion—Writ of Error,* lies to review a decree allowing the change. *Fort Collins Co. v. Larimer and Weld Co.,* 58 Colo. 183, followed. (145.)

2. ——*Decree,* must prescribe such terms and conditions as will prevent injury to others.

A decree allowing a change in the point of diversion of a specified volume of water ordered amended so as to allow the change only on request of petitioner, or his successor in interest, and only while the water so diverted, is applied to the irrigation of the land described in the petition. (146.)

*Error to Denver District Court.* Hon. GEO. W. ALLEN, Judge.

*En banc.*          •

Messrs. GOUDY & TWITCHELL, for plaintiffs in error.

Mr. MILTON SMITH, Mr. CHARLES R. BROCK, and Mr. W. H. FERGUSON, for defendant in error Matilda Sanstad.

Opinion by Mr. JUSTICE TELLER.

This cause is before us on error to a decree changing the point of diversion of 9.133 second feet of water from the headgate of the Duggan Ditch to the headgate of the Burlington Ditch, both located in Water District No. 2.

The Duggan Ditch is a short ditch, having its head-gate between the headgates of plaintiffs in error and that of the Burlington Ditch, which is three miles up the river.

The court found for the petitioner on the question of injury to respondents by the proposed change of the point of diversion, and entered a decree accordingly.

The motion of defendants in error to dismiss the writ is denied under the authority of *Ft. Collins Milling & Elevator Co. v. Larimer & Weld Irrigation Co.*, 58 Colo. 183.

Counsel for plaintiffs in error have assigned errors on several of the court's rulings, but the principal error upon which they rely is that the decree is so broad as to allow an increased use of the water by its constant, instead of occasional, diversion from the river. In other words, it is contended that the decree should be specific, and allow water to be diverted into the Burlington Ditch only when it is needed by Sanstad. Counsel further say that if the decree be so entered their clients would not care to litigate further the question of injury to them by the change in point of diversion.

Counsel for defendants in error contend that the decree when properly construed does limit the diversion to Sanstad's needs. That being the case, there is no good reason for not making the decree so specific that the officers charged with the duty of distributing water under its provisions shall have no doubt of its meaning. The

statute by its terms clearly intends that decrees in such cases shall be entered only upon such terms and conditions as shall be necessary to prevent injury to other owners of water rights, and good practice requires full compliance with the provisions of the law.

The decree permits the 9.133 second feet of water to be diverted into the Burlington Ditch, the only condition imposed being that the decree shall not be construed as giving to the petitioner the right to change the place of use of the water, or as impairing her right to such change in pursuance of the laws of this state. We are of the opinion that the decree is too broad, and that it ought to be so limited as to render unnecessary further judicial proceedings in this matter.

The cause is remanded to the District Court with directions to amend the decree by inserting after the words: ''and shall permit said quantity of water of the priority aforesaid to be diverted into the Burlington Ditch through said Burlington Ditch headgate,'' the following words: ''whenever and only when said petitioner, or her successor in interest, shall request said diversion for use on said land; and such diversion shall continue only during the time when the water of said priority so diverted is used in the irrigation of said land.''

The judgment is reversed with directions.

The defendants in error will pay the costs in this court.

*Judgment reversed.*

Decided July 3, A. D. 1916. Decree amended and re-hearing denied Dec. 4, A. D. 1916.